Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5375 | **DATE** | 9/17/12 |
| **CASE TITLE** | Terrance Robinson (#2011-1228173) v. Officer Jones, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The Court authorizes and orders the trust fund officer at the Cook County Jail to collect monthly payments from Plaintiff's trust fund account in accordance with this order. The Clerk is directed to forward a copy of this order to Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The Clerk is directed to issue summonses for Defendants Jones and Iwadki, and the United States Marshals Service is appointed to serve them. The Clerk shall send Plaintiff Instructions for Submitting Documents, along with a copy of this order.

■[**For further details see text below.**]                                                                             Docketing to mail notices.

## STATEMENT

     Plaintiff, Terrance Robinson, presently in custody of the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that on December 27, 2011, Defendants, Village of Skokie Police Officers Jones and Iwadki, subjected him to excessive force on arrest by choking him, striking him with a steel baton, spraying him with mace, and punching him in the face. Plaintiff alleges that due to the excessive force, he suffered broken teeth, other unspecified physical injuries, and emotional distress. Plaintiff also alleges that Defendants denied him adequate medical care for his injuries.

     Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $13.50. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

     Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a colorable cause of action under the Civil Rights Act as to Defendants Jones and Iwadki for excessive use of force. *Acevedo v. Canterbury*, 457 F.3d 721, 724 (7th Cir. 2006). While Plaintiff also has alleged lack of medical care, he has a separate suit regarding the failure to provide medical care before
**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

Judge Kendall in *Robinson v. Cook County Department of Corrections*, No. 12 C 5376 (N.D. Ill.). Plaintiff is properly pursuing his medical claims in a separate suit, and may not pursue them here. See *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 607 (7th Cir. 2007)) (instructing that unrelated claims against different defendants belong in separate lawsuits). While a more fully developed record may belie the Plaintiff's allegations, Defendants Jones and Iwadki must respond to Plaintiff's complaint that they subjected him to excessive force on arrest.

    The Clerk shall issue summonses for service of the complaint on Defendants Jones and Iwadki (hereinafter, "Defendants"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

    The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the Skokie Police Department shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

    Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

*[signature]*